UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

HASAUN GRIGGER,

                        Plaintiff,

-against-

CITY OF NEW YORK, SABRINA TRUNZO, Individually, ROGER PEREZ, Individually, MICHAEL CODY, Individually, KURT VIKKI, Individually, DOMINICK CAMINITI, Individually, MICHAEL ZAK, Individually, ANTHONY RICCI, Individually, MITCHELL FRIEDMAN, Individually, MATTHEW EDELMAN, Individually, DANIEL KRAUS, Individually, DENNIS MAIRA, Individually, PATRICK GOLDEN, Individually, and JOHN and JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 CV 1708
(KAM) (MDG)

<u>Jury Trial Demanded</u>

Plaintiff HASAUN GRIGGER, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff HASAUN GRIGGER is a thirty-seven year old African American man who resides in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, SABRINA TRUNZO, ROGER PEREZ, MICHAEL CODY, KURT VIKKI, DOMINICK CAMINITI, MICHAEL ZAK, ANTHONY RICCI, MITCHELL FRIEDMAN, MATTHEW EDELMAN, DANIEL KRAUS, DENNIS MAIRA, PATRICK GOLDEN, and JOHN or JANE DOE 1 through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On February 24, 2011, at approximately 9:30 p.m., plaintiff was lawfully present as a patron of 4 Star Barber Shop, located at 450 Targee Street, Staten Island, New York, when the defendant officers, upon information and belief, including but not limited to, TRUNZO, PEREZ, CODY, VIKKI, CAMINITI, ZAK, RICCI, FRIEDMAN, EDELMAN, KRAUS, MAIRA, and GOLDEN, entered said location to execute a search warrant.

13. Plaintiff was detained, searched, and handcuffed.

14. Although none of the defendant officers recovered any contraband from plaintiff's person, and despite that plaintiff was merely present at the location for the purpose of receiving a haircut, the defendant officers nonetheless arrested him or stood by while he was arrested, without probable cause.

15. The defendant officers thereafter imprisoned plaintiff in a NYPD vehicle and in then in the NYPD's 120th Precinct stationhouse.

16. On February 25, 2011, plaintiff was produced before a judge in the Richmond County Criminal Court, where he was arraigned on baseless charges filed under docket number 2011RI001821; said charges having been filed based on the false allegations of defendant TRUNZO. Defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective

outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority, and to benefit herself personally and professionally. Plaintiff was released on his own recognizance at his arraignment.

17. The malicious prosecution compelled plaintiff to return to court for the next six months, on approximately three court dates, until August 30, 2011, when all the purported charges filed against plaintiff by the defendants were dismissed and sealed in Richmond County Criminal Court.

18. Defendants PEREZ and KRAUS, who hold the rank of sergeant, defendant Cody, who holds the rank of captain, and defendant VIKKI, who holds the rank of Lieutenant, supervised defendants TRUNZO, CAMINITI, ZAK, RICCI, FRIEDMAN, EDELMAN, MAIRA, GOLDEN, and JOHN and JANE DOE 1 through 10, and participated in, approved of, oversaw, and otherwise presided over the defendants' arrest and prosecution of the plaintiff.

19. Defendants TRUNZO, PEREZ, CODY, VIKKI, CAMINITI, ZAK, RICCI, FRIEDMAN, EDELMAN, KRAUS, MAIRA, GOLDEN, and JOHN and JANE DOE 1 through 10 participated in or failed to intervene in the illegal conduct described herein.

20. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

21. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the execution of search warrants; the investigation of incidents, and; the treatment of innocent and/or uninvolved

individuals found at the location of the execution of a search warrant, and regarding the ramifications of falsification.

22. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

23. Moreover, upon information and belief, defendant CITY OF NEW YORK were aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

24. As a result of the foregoing, plaintiff HASAUN GRIGGER sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "24" with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff HASAUN GRIGGER, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of

5

America, and in violation of 42 U.S.C. §§ 1981 and 1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. As a result of the foregoing, plaintiff HASAUN GRIGGER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants arrested plaintiff HASAUN GRIGGER, without probable cause, causing him to be detained against his will for an extended period of time and subjected him to physical restraints.

34. Defendants caused plaintiff HASAUN GRIGGER, to be falsely arrested and

unlawfully imprisoned.

35. As a result of the foregoing, plaintiff HASAUN GRIGGER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants maliciously issued criminal process against plaintiff by causing him to be arraigned and prosecuted in Richmond County Criminal Court.

38. Defendants caused plaintiff HASAUN GRIGGER to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority, and for personal and professional benefits.

39. As a result of the foregoing, plaintiff HASAUN GRIGGER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants initiated, commenced and continued a malicious prosecution against plaintiff.

42. Defendants caused plaintiff HASAUN GRIGGER to be prosecuted without any probable cause until the charges were dismissed on August 30, 2011.

43. As a result of the foregoing, plaintiff HASAUN GRIGGER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants had an affirmative duty to intervene on behalf of plaintiff HASAUN GRIGGER, whose constitutional rights were being violated in their presence by other officers.

46. The defendants failed to intervene to prevent the unlawful conduct described herein.

47. As a result of the foregoing, plaintiff HASAUN GRIGGER, was subjected to false arrest, and his liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints, and detained and prosecuted without probable cause.

48. As a result of the foregoing, plaintiff HASAUN GRIGGER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The defendants illegally stopped, detained, arrested, and prosecuted, plaintiff HASAUN GRIGGER because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

51. As a result of the foregoing, plaintiff HASAUN GRIGGER was deprived of his rights under the Equal Protection Clause of the United States Constitution.

52. As a result of the foregoing, plaintiff HASAUN GRIGGER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

55. As a result of the foregoing, plaintiff HASAUN GRIGGER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

58. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, stopping and detaining individual without reasonable suspicion, arresting individuals without probable cause, and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals, and/or for other collateral objectives, including overtime compensation and/or professional advancement. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff HASAUN GRIGGER'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

59. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff HASAUN GRIGGER.

60. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff HASAUN GRIGGER, as alleged herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff HASAUN GRIGGER, as alleged herein.

62. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff HASAUN GRIGGER was unlawfully seized, detained, incarcerated, and prosecuted.

63. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff HASAUN GRIGGER'S constitutional rights.

64. All of the foregoing acts by defendants deprived plaintiff HASAUN GRIGGER of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from malicious abuse of process and/or malicious prosecution;

    D. To be free from false imprisonment/arrest;

    E. To receive equal protection under law; and

    F. To be free from the failure to intervene;

65. As a result of the foregoing, plaintiff HASAUN GRIGGER is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff HASAUN GRIGGER demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individually named defendants in an amount to be determined by a jury;

    (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
November 15, 2012

                        LEVENTHAL & KLEIN, LLP
                        Attorneys for Plaintiff HASAUN GRIGGER
                        45 Main Street, Suite 230
                        Brooklyn, New York 11201
                        (718) 722-4100

                        By: _____
                             BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

HASAUN GRIGGER,

                                Plaintiff,

          -against-

CITY OF NEW YORK, SABRINA TRUNZO, Individually,
ROGER PEREZ, Individually, MICHAEL CODY, Individually,
KURT VIKKI, Individually, DOMINICK CAMINITI, Individually,
MICHAEL ZAK, Individually, ANTHONY RICCI, Individually,
MITCHELL FRIEDMAN, Individually, MATTHEW EDELMAN,
Individually, DANIEL KRAUS, Individually, DENNIS MAIRA,
Individually, PATRICK GOLDEN, Individually, and JOHN and
JANE DOE 1 through 10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                Defendants.

--------------------------------------------------------------------------------X

12 CV 1708
(KAM) (MDG)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100